UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN WILLIAMS, | |
| Petitioner, | Civil Action No. 15-3159 (MAS) |
| v. | **MEMORANDUM AND ORDER** |
| PATRICK NOGAN, et al., | |
| Respondents. | |

A Petition for Writ of Habeas Corpus having been filed in the above action, pursuant to 28 U.S.C. § 2254, and Petitioner having declared that this petition sets forth all grounds for relief and is his one, all-inclusive habeas petition, and the Court having screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It appearing that:

1. On August 5, 2015, this Court issued an order directing Respondents to file a limited answer, to address the question of whether the Petition may be untimely, due to Petitioner waiting for 336 days after exhaustion of state court remedies before filing the instant Petition. (Order 1-2, Aug. 5, 2015, ECF No. 4.)

2. Thereafter, Respondents filed the limited answer, raising the argument that the Petition is untimely because of a delay during Petitioner's direct appeal of his criminal case. (Resp. 6, ECF No. 17.) However, Petitioner, in response, correctly points out that delays during the direct appeal process are not included in the statute of limitations calculation for § 2254 petitions, because a petitioner's judgment is not "final" for the purposes of federal habeas until the direct

appeal process has concluded, regardless of any delay during such process. *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009).

3. Nevertheless, in the Court's August 5, 2015 Order, the Court stated that the relevant information for the timeliness issue was whether there were any delays during the proceedings regarding Petitioner's application for post-conviction relief ("PCR"). (Order 2, Aug. 5, 2015.) Records submitted by Respondents clearly show that there was a delay during the PCR proceedings. Record shows that Petitioner's PCR application was initially denied by the state trial court on June 29, 2011, (Resp. 44), which both Petitioner and Respondents acknowledge, (see Pet'r's Reply 5, ECF No. 20; Resp. 3). However, a notice to appeal that decision was not filed until December 30, 2011, (Resp. 46), which again the parties acknowledge, (*see* Pet'r's Reply 5; Resp. 4).

4. Under state rules, Petitioner had 45 days to appeal the denial of PCR. *See* N.J. Ct. R. 2:4-4(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). As such, Petitioner had until August 13, 2011 to file his appeal. He did not do so until December 30, 2011, so 139 days ran from his one-year limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."). Combined with the 336-day delay the Court already found, the Petition was filed 475 days after the statute of limitations accrued, exceeding the one-year limitation. Thus, the Petition appears to be time-barred.

5. Since Respondents did not raise this argument, Petitioner has not had an opportunity to respond. Therefore, in the interest of justice, the Court will allow Petitioner an opportunity to show why the Petition should not be time-barred. Particularly, Petitioner may submit to this Court any arguments, supported by evidence, why Petitioner is entitled to equitable tolling.

Petitioner may also raise any other argument as appropriate with regard to the timeliness of the Petition.[1]

**IT IS** therefore on this ____8th____ day of ____December____, 2016,

**ORDERED** that Petitioner shall, within thirty (30) days of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be dismissed as time-barred; failure to do so will result in the dismissal of the Petition; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

MICHAEL A. SHIPP
United States District Judge

---

[1] The Court notes that in response to Respondents' original untimeliness defense, Petitioner asserts that he would also be entitled to equitable tolling because fault lied with his public defender in the late filing. However, "attorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)); *see Valerio v. United States*, No. 15-1906, 2015 WL 4086577, at *3 (D.N.J. July 6, 2015). The Third Circuit has also held that the ability of a petitioner to file a *pro se* appeal, notwithstanding his attorney's failure to file, is ground for denying equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir. 2003) (finding that equitable tolling was not warranted because the petitioner could have filed a *pro se* notice of appeal in state court to toll his federal habeas statute of limitations). Thus, when presenting his arguments for equitable tolling, Petitioner must account for the long delay in filing his PCR appeal, by more than simply blaming his PCR counsel for the lateness.

3