UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN WILLIAMS, | : | |
| Petitioner, | : | Civil Action No. 15-3159 (MAS) |
| v. | : | **MEMORANDUM AND ORDER** |
| PATRICK NOGAN, et al., | : | |
| Respondents. | : | |

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Kevin Williams pursuant to 28 U.S.C. § 2254. Presently before the Court is Petitioner's motion for extension (ECF No. 22) ("Motion"), seeking more time to respond to the Court's December 8, 2016 show-cause order (ECF No. 21) ("Prior Order"). It appearing:

1. In the Prior Order, the Court found that the Petition is potentially time-barred. (Prior Order at 2.) The Court primarily based its decision on: (1) Petitioner's delay in filing his state court appeal regarding the denial of his application for post-conviction relief; and (2) Petitioner's long delay prior to filing the instant Petition after he exhausted state court remedies. (*Id.*) The Court issued the Prior Order to provide Petitioner the opportunity to present arguments as to why the Petition should not be dismissed as time-barred. (*Id.* at 2-3.) The Court afforded Petitioner 30 days to respond. (*Id.* at 3.)

2. Petitioner asserts that he did not receive a copy of the Prior Order until December 27, 2016. (Pet'r's Decl. 1, ECF No. 22-1.) Petitioner also asserts that he intends to raise an equitable tolling argument regarding the lateness of the Petition by attributing the various state court delays to his attorneys, in particular their delays in filing his direct appeal. (Mot. 2.)

3. As indicated above, however, the Prior Order did not require Petitioner to address any delays in the direct appeal process. Rather, the Prior Order required Petitioner to address his delay in filing the PCR appeal. The Prior Order also required Petitioner to address his 336-day delay in filing the instant Petition. As the Court noted in the Prior Order, a delay in filing a PCR appeal by an attorney is not a ground for equitable tolling when a petitioner could have filed a pro se notice of appeal for the purpose of tolling his federal habeas statute of limitations. (Prior Order 3 n.1 (citing *Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir. 2003).)

4. Furthermore, equitable tolling is not warranted when the alleged extraordinary circumstances did not *prevent* a petitioner from filing a timely habeas petition. *See Rinaldi v. Gillis*, 248 F. App'x 371, 381 (3d Cir. 2007) (finding that equitable tolling was not warranted for the alleged extraordinary circumstance that occurred, when the petitioner still had one-and-one-half months to make a timely filing); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) ("Had petitioner advanced his claims within a reasonable time of their availability, he would not now be facing any time problem."). As such, to the extent that Petitioner is seeking additional time to obtain affidavits from his state court attorneys, Petitioner's request is denied. Petitioner must respond to the Prior Order as directed. (*See* Prior Order 3 n.3 ("Thus, when presenting his arguments for equitable tolling, Petitioner must account for the long delay in filing his PCR appeal, by more than simply blaming his PCR counsel for the lateness.").) Nevertheless, due to the delay in Petitioner's receipt of the Prior Order, the Court affords Petitioner an additional 30 days to respond to the Prior Order.

**IT IS** therefore on this 17th day of January, 2017,

**ORDERED** that Petitioner's Motion for Extension of Time (ECF No. 22) is hereby **GRANTED**;

**ORDERED** that Petitioner shall, within thirty (30) days of this Order, show cause in writing, in the manner directed by this Court's Prior Order (ECF No. 21), as to why the Petition should not be dismissed as time-barred; failure to do so will result in the dismissal of the Petition; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Petitioner by regular mail.

_____
**MICHAEL A. SHIPP**
**United States District Judge**